**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

UNITED STATES OF AMERICA,

v.                                    Case No. 4:05cr101

SHANEIL MAMMIE MANNING,

        Defendant.

ORDER

A Petition for Action on Conditions of Pretrial Release (Document No. 227), endorsed by U.S. District Judge Walter D. Kelley, Jr., was filed with the Court on August 9, 2006. Pursuant to that petition, a warrant for the arrest of the Defendant was issued in this Court by U.S. Magistrate Judge Tommy E. Miller. Following her arrest in the Eastern District of California, Defendant was detained and transferred here for a hearing pursuant to 18 U.S.C. § 3148.

In a proceeding held pursuant to her consent on March 31, 2006, Defendant pleaded guilty to Count 8 of an Indictment, issued by the Grand Jury sitting in the Newport News Division of this Court, charging wire fraud in violation of Title 18, United States Code, § 1343. Prior to pleading guilty, Defendant executed a Consent (Document No. 89) authorizing U.S. Magistrate Judge Tommy E. Miller to conduct proceedings pursuant to Fed. R. Crim. P. 11

1

and to take Defendant's guilty plea.  Judge Miller conducted the Rule 11 colloquy on March 31, 2006, and issued his Report and Recommendation Concerning Plea of Guilty (Document No. 93) on that date.  United States District Judge Walter D. Kelley, Jr., entered an Acceptance of Plea of Guilty, Adjudication of Guilt and Notice of Sentencing (Document No. 116) on April 21, 2006.  The terms of the Acceptance of Plea of Guilty indicate that Defendant's plea of guilty was "conditionally accepted" on that date and contemplated that Defendant would be adjudged guilty of such offense "at the sentencing."  Pursuant to a Sentencing Procedures Order, sentencing was scheduled for June 22, 2006.  Defendant did not appear for sentencing on June 22, 2006, and has not yet been sentenced.

At the instant hearing in this Court, held pursuant to 18 U.S.C. § 3148 on September 19, 2006, Defendant waived her right to a detention hearing.  A defendant may waive the right to a detention hearing guaranteed to him by 18 U.S.C. § 3142(f).  See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989) (en banc) (holding that a defendant may waive the right to a detention hearing or to the holding of a detention hearing within the time requirements of 18 U.S.C. § 3142(f).

In reaching its determination herein, and accepting Defendant's waiver of her right to a detention hearing, the Court took into account Defendant's demeanor and concluded that she understood the nature and consequences of her waiver of her rights

to a detention hearing. The Court notes that Defendant was represented by counsel at the detention hearing.

Accordingly, the Court FINDS that Defendant should be detained pending trial. The Court therefore ORDERS Defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

Entered on September 6, 2006

                                                              /s/
                                     F. Bradford Stillman
                                     United States Magistrate Judge